PHILLIPS, Appellee,

v.

PHILLIPS, Appellant.

[Cite as *Phillips v. Phillips* (1996), 113 Ohio App.3d 868.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 95–G–1061.

Decided Aug. 26, 1996.

*Thrasher, Dinsmore & Dolan* and *Mark J. Hassett,* for appellee.

*Thomas J. Sacerich,* for appellant.

CHRISTLEY, Judge.

This is an accelerated calendar appeal, taken from a final judgment of the Geauga County Court of Common Pleas. Appellant, Michael Phillips, seeks the reversal of the trial court's decision ordering him to pay a total of $260.72 per month in child support.

The parties to this action were married for approximately six years and had three children. In October 1987, the parties were granted a divorce on the basis that they had lived separate and apart for one year. As part of the divorce decree, custody of each of the three children was given to appellee, Annette Phillips. In addition, appellant was required under the decree to pay appellee a total of $120 per week in child support.

Through the years, appellant's basic support obligation was modified on at least one occasion. Thus, as of August 1994, appellant was obligated to pay $289 per month in support. This amount covered all three children, none of whom had been emancipated. Appellant was also liable for certain arrearages in support.

In May 1995, appellant moved the trial court to name him as the residential parent for the parties' youngest child, Michael Alan. As the basis for this motion, appellant asserted in an affidavit that, pursuant to an agreement between the parties, he had taken physical custody of this child in January 1995, and, had been the child's sole source of support since that time.

In conjunction with the change of custody motion, appellant also moved the trial court to suspend his support obligation as to Michael Alan. Essentially, appellant requested the court to modify his child support obligation in light of the fact that only two of the parties' children were now residing with appellee.

Both motions were assigned to a court magistrate for consideration. After holding an evidentiary hearing on the matter, the magistrate issued his proposed decision in August 1995. In relation to the custody motion, the magistrate found that the parties had stipulated that appellant should be named as residential parent for Michael Alan. Thus, the sole issue before the magistrate concerned the extent to which appellant's child support obligation should be modified in relation to the two remaining children.

As to this issue, the magistrate first found that appellant's gross income for 1994 had been $32,460. The magistrate further found that, in completing his 1994 federal tax return, appellant had taken a deduction of $11,024 for car and truck expenses which he had incurred during his employment as a real estate agent. However, the magistrate then concluded that these expenses did not constitute ordinary and necessary expenses which could be deducted from his income for purposes of determining his child support obligation.

Upon deducting other expenses from appellant's gross income, the magistrate held that appellant's net income had been $22,655. Based upon this figure, the magistrate ultimately concluded that appellant's new support obligation should be $244.85 per month for the two children still residing with appellee.

Both parties filed objections to the magistrate's proposed decision. As part of his objections, appellant asserted that the magistrate had erred in concluding that none of his car and truck expenses were deductible under R.C. 3113.215(A)(4). Specifically, he asserted that the expenses were deductible because he had incurred the expenses as an ordinary and necessary part of his business.

In November 1995, the trial court rendered its judgment in which it overruled the objections of both parties.[1] As to the car and truck expenses issue, the court concluded that, under R.C. 3113.215(A)(4), ordinary and necessary expenses include (1) "actual cash" expenses, and (2) depreciation expenses for replacement business equipment. The court then held that appellant was not entitled to deduct his car and truck expenses from his gross income because he had not presented any evidence showing that any of these expenses had fallen within one of the two categories.

Although the trial court approved the magistrate's proposed decision, the court did find that the magistrate had made a mathematical error in calculating appellant's net income. Upon correcting this error, the court ultimately determined that appellant's support obligation should be $260.72 per month for both children. To this extent, the court modified the magistrate's decision and entered judgment accordingly.

In appealing from this judgment, appellant has assigned the following as error:

"The court erred in claiming the car and truck expenses are 100% depreciation and, therefore, not deductible under ORC 3113.21.5(A)(4)(b)."

In arguing that the trial court erred in calculating his net income for purposes of determining his child support obligation, appellant has essentially restated the argument which formed the basis of his objections to the magistrate's decision. Specifically, he asserts that the court should have held that his car and truck

---

1. In overruling appellant's objections, the trial court stated that appellant had failed to submit a transcript of the evidence presented to the magistrate. Our review of the record indicates that a complete transcript of the hearing before the magistrate was filed on the same date appellant filed his objections. Although there is no specific indication in the record that this transcript was filed by appellant, the timing of the two filings supports the inference that it was appellant who filed this transcript.

For whatever reason, the trial court was unaware of this transcript and did not consider it in rendering its decision. However, this will not limit the scope of our review because the record further shows that appellee submitted a partial transcript, with her objections, which was considered by the trial court. Fortunately, the partial transcript sets forth sufficient facts for us to fully address the merits of appellant's assignment of error.

expenses were deductible from his gross income because he had incurred the expenses as part of the ordinary and necessary costs of doing business. Based upon this, appellant ultimately contends that the court erred in holding that his support obligation should be $260.72 per month for both children.

R.C. 3113.215 governs the calculation of the child support obligation of a divorced parent. Division (E) of this statute sets forth a worksheet which a trial court is required to complete in determining the amount of support owed. As part of the calculations in this worksheet, a trial court must subtract the ordinary and necessary business expenses of a self-employed parent from that parent's annual gross income.

The various terms used in the worksheet are defined in R.C. 3113.215(A). "Gross income" is defined as all earned and unearned income from any source, including all income which is self-generated. R.C. 3113.215(A)(2). In turn, the term "self-generated income" is defined as the gross receipts which a parent receives from self-employment. R.C. 3113.215(A)(3).

R.C. 3113.215(A)(4) delineates the types of expenses which can be deducted by a self-employed parent. This division of the statute provides:

"(a) 'Ordinary and necessary expenses incurred in generating gross receipts' means *actual cash items expended* by the parent or his business and includes depreciation expenses of replacement business equipment as shown on the books of a business entity.

"(b) Except as specifically included in 'ordinary and necessary expenses incurred in generating gross receipts' by division (A)(4)(a) of this section, 'ordinary and necessary expenses incurred in generating gross receipts' *does not include depreciation expenses and other noncash items that are allowed as deductions on any federal tax return of the parent or his business.*" (Emphasis added.)

As the trial court correctly noted, the foregoing provisions state that two types of ordinary and necessary business expenses can be deducted. First, an expense can be deducted if the parent actually paid for the item. Second, depreciation is deductible if it covers replacement business equipment.

In arguing that his car and truck expenses were deductible from his gross income under R.C. 3113.215(A)(4), appellant asserts that the trial court's holding was based upon its finding that he was seeking to deduct depreciation on a noncash item. This assertion is simply incorrect. In its judgment, the trial court expressly stated that its holding was based upon the finding that appellant had failed to present any evidence showing that (1) his expenses had been for "actual cash" items, or (2) his expenses had been for depreciation of replacement business equipment.

■ Nevertheless, despite appellant's mischaracterization of the trial court's holding, our review of the partial transcript of the evidentiary hearing before the magistrate indicates that appellant did present sufficient evidence to establish his entitlement to deduct *some* of his car and truck expenses under the category of "actual cash" items. Specifically, the transcript shows that appellant presented testimony showing that he had calculated the amount of his expenses by multiplying the number of miles he had driven by the standard mileage deduction under the federal tax code. At least one appellate district has held that such evidence is sufficient to show that a portion of the standard deduction expense is deductible as an "actual cash" item under these circumstances.

In *Neal v. Halsey* (Dec. 20, 1995), Greene App. No. 95–CA–22, unreported, 1995 WL 765964, the father sought to deduct $8,127 in car expenses which he had incurred as an independent insurance salesman. The father had deducted this amount on his federal tax return, and had derived the amount by multiplying the number of miles he had driven in business throughout the year by the standard mileage deduction under the federal tax code. The trial court held that this expense could not be deducted in determining the amount of support obligation because it did not constitute an "actual cash" item.

In concluding that the car expenses were deductible under R.C. 3113.215(A)(4), the Second Appellate District began its analysis by noting that the Internal Revenue Service gave taxpayers the option of either taking a standard deduction for automobile expenses associated with a business, or deducting the actual costs which the taxpayer had incurred in traveling business miles. That is, the standard mileage deduction was designed to act as a substitute for the actual costs incurred for such items as insurance, maintenance, tires, and gasoline. Based upon this, the *Neal* court held that expenses calculated under the standard mileage deduction were not a noncash item:

"The deduction for business mileage recognizes that the taxpayer may pay or incur unreimbursed automobile expenses in connection with the production of income within the taxable year. That the taxpayer opts for the standard rate based on business miles driven 'in lieu' of proof of the actual costs incurred does not transform this deduction into a 'noncash item' such as depreciation or amortization." *Id.* at 8.

As part of its analysis, the *Neal* court further noted that the standard mileage rate for the year at issue had been $.29, and, that the father had calculated his standard mileage deduction by multiplying his number of business miles by the $.29. The court then noted that this $.29 figure had included $.12 for depreciation, an amount which was not deductible under R.C. 3113.215(A)(4). Based upon this, the court held that the father would not be entitled to deduct the entire amount which he had deducted on his federal tax return.

However, the *Neal* court did hold that the father was allowed to deduct that portion of the standard mileage deduction which covered the cost of maintenance, repairs, tires, gasoline, and other such items.

The logic of the *Neal* decision is persuasive. As the *Neal* court stated, the standard mileage deduction is not intended to place a value upon a noncash item. Instead, it is intended to place a value upon an actual cash item. The standard mileage deduction merely recognizes the inherent difficulties a taxpayer faces in attempting to demonstrate the actual cost of all expenses he has incurred in relation to his car over an entire year, and gives a taxpayer an opportunity to derive some benefit from those expenses by only requiring him to show the actual amount of miles he has traveled. From this, it follows that a parent should be allowed to use this deduction for purposes of determining his child support obligation under R.C. 3113.215.

In the instant case, the trial court held that appellant was not entitled to deduct his expenses under the "actual cash item" category because he had not presented evidence establishing the actual existence of those expenses. As a general proposition, this court has held that a parent must show the actual cost of an expense before it can be deducted as an ordinary and necessary business expense under R.C. 3113.214(A)(4). See *In re Summers* (June 2, 1995), Geauga App. No. 93–G–1807, unreported, 1995 WL 407136.

However, under the *Neal* decision, a parent is not required to show the actual cost of each travel expense incurred. Instead, a parent must prove only the actual amount of miles traveled. A review of the partial transcript of the evidentiary hearing readily shows that appellant carried his burden as to this point. Thus, appellant was entitled to deduct a portion of his standard mileage deduction.

As an aside, this court would emphasize that the foregoing analysis would apply only to that portion of the standard mileage deduction which covers actual cash items. As was noted above, a portion of the deduction is intended to cover depreciation of the vehicle. Our review of the partial transcript in this appeal supports the trial court's conclusion that appellant did not present any evidence showing that he was entitled to use this portion of the standard mileage deduction in computing his net income for support purposes.

R.C. 3113.215(A)(4)(a) states that depreciation can be deducted as an ordinary and necessary expense only if the depreciation is for replacement business equipment. A review of the partial transcript shows that appellant did not present any evidence demonstrating that the vehicle which he used in his business as a real estate agent had been purchased as replacement business

equipment, *i.e.*, appellant did not show that he had purchased the vehicle for the purpose of using it in his business.

Thus, for purposes of determining his child support obligation, appellant will not be entitled to deduct the entire $11,024 which he was allowed to deduct on his federal tax return. Upon remand, the trial court will be required to determine, pursuant to the federal tax code, the amount of the standard mileage rate which is attributable to expenses other than depreciation.

Pursuant to the foregoing analysis, the trial court erred in holding that appellant was not entitled to deduct a portion of his car and truck expenses from his annual gross income. As a result, the court also erred in calculating appellant's child support obligation. Thus, appellant's sole assignment of error has merit.

The judgment of the trial court is reversed, and the cause is hereby remanded for further proceedings consistent with our opinion.

*Judgment accordingly.*

FORD, P.J., and NADER, J., concur.