OPINION
On September 23, 1996, appellant, Harry E. Rodgers, Jr., filed a complaint to establish the existence of a parent/child relationship and for parental rights with regard to Harry E. Rodgers, III, born on March 1, 1993, the son of Mr. Rodgers and appellee, Carol E. Rohrman.
On November 27, 1996, the trial court issued a judgment entry, agreed to by the parties, ordering that Ms. Rohrman would be the residential parent and granting Mr. Rodgers visitation. On January 27, 1997, the trial court ruled that Mr. Rodgers was to pay $150 per month for child support while it determined the proper amount of support and ordered that Mr. Rodgers submit his income information for 1996. Mr. Rodgers, who is self-employed and owns a towing company, did not submit the requested information for many months. Finally, on May 15, 1998, the trial court ordered that he submit his income and expense information for 1996, 1997, and 1998.
On September 22, 1998, the cause came on for a hearing before a magistrate. No transcript was filed from this hearing. On September 23, 1998, the trial court adopted a decision issued by the magistrate, which ordered that Mr. Rodgers: was to pay $409 per month as child support retroactive to January 1, 1997; had an arrearage of $5,439; and, was to pay $200 per month from October 1, 1998 through October 1, 1999 to be applied to the arrearage.
Mr. Rodgers filed timely objections to the magistrate's decision, in which he argued that the magistrate erred by not deducting, from his gross income, depreciation expenses on trucks he owned in his towing business. On November 23, 1998, the trial court referred the case to the magistrate "for further review of evidence specific to [Mr. Rodgers'] income and expenses along with income generated from the use of the motor vehicles [and] further examination of [his] duplication and compounding of tax losses from year to year * * *."
The cause came on for further hearing before the magistrate on April 22, 1999. No transcripts were filed from that hearing. On April 26, 1999, the magistrate issued a decision, in which he wrote:
 "Any money credited for depreciation is spent for personal living expenses as needed since there is no other funds to use. When new equipment is needed, [Mr. Rodgers] borrows the funds to purchase or lease such equipment. This is done approximately every three years. [Mr. Rodgers] also writes off any interest on the vehicles."
Based on these findings, the magistrate ordered that Mr. Rodgers pay $409 per month for child support, retroactive to January 1, 1997. The trial court adopted the decision on the same day.
On May 4, 1999, Mr. Rodgers filed objections to the magistrate's decision, which were overruled by the trial court on July 7, 1999. Appellant raises the following assignment of error:
 "The trial court erred in its determination of appellant's child support obligation."
In his sole assignment of error, Mr. Rodgers asserts that because he is self-employed, his depreciation expenses for replacement equipment should have been deducted from his gross receipts for purposes of calculating child support.
As part of the calculations in a child support worksheet, a trial court must subtract the ordinary and necessary business expenses of a self-employed parent from that parent's annual gross income. Phillips v. Phillips (1996), 113 Ohio App.3d 868,871, 682 N.E.2d 701. Included in these ordinary and necessary expenses, pursuant to R.C. 3113.215(A)(4)(a), are "depreciation expenses of replacement business equipment as shown on the books of a business entity." Id.
While the evidence in the record is far from clear, it appears that Mr. Rodgers incurred depreciation expenses covering replacement equipment. He set this forth in the income tax forms he submitted. Nothing in R.C. 3113.215 or any of the case law dealing with depreciation expenses would indicate that the trial court was to ignore depreciation expenses to replace business equipment whether it was used to pay for personal living expenses or otherwise. By doing so, the magistrate and the trial court erred. Appellant's assignment of error has merit.
The court must make allowance for depreciation of replacement equipment but need not accept appellant's income tax returns as conclusive evidence of his income. A more thorough examination of appellant's total income including his method of depreciation, utility expenses for his home office, and all other deductions taken should more accurately determine the amount available for child support calculation.
For the foregoing reasons, we reverse and remand.
 ____________________________ JUDGE ROBERT A. NADER
FORD, P.J., O'NEILL, J., concur.