OPINION
Appellant, Barbara J. White (Mrs. White"), appeals from the judgment of the Portage County Court of Common Pleas, Domestic Relations Division. After a trial on the merits, appellant was granted a divorce from appellee, Herbert W. White, Jr. ("Mr. White"). Subsequently, on February 28, 2000, the trial court filed a nunc pro tunc entry resolving all remaining issues and creating a final appealable order. The following facts are relevant to a determination of this appeal.
The parties were married on January 18, 1989. Mrs. White filed for divorce on June 27, 1996. The parties have a son who was born in August 1989. Prior to the marriage, Mr. White owned a business known as White's Farm Equipment and Supply. Mr. White operated this business through the course of the marriage. In 1997, the court appointed an attorney to evaluate and appraise the business and file a report with the court. The parties stipulated to this evaluation. The report concluded that the value of the business remained static throughout the marriage and actually decreased as a result of the loss of a major supplier.
Prior to the marriage, Mr. White owned sixteen separate parcels of real property. The division of these properties was a major issue in the divorce. In 1997, the court appointed an appraiser to establish the current market value of the properties, which was done. However, neither party submitted any evidence establishing the value of any of these properties on the date the marriage was entered.
White's Farm Equipment and Supply was located on one of these parcels. The equity in the real property ($133,300) was determined to be marital property and subject to division. Seven of the sixteen properties were sold during the course of the marriage. The proceeds of these sales were used to purchase five new properties. Each of these new properties was determined to be, in part, marital property, and Mrs. White was awarded an equitable portion of their value.
Mr. White retained the other eight properties through the course of the marriage. The trial court determined these properties were separate, non-marital assets and consequently not subject to division. The trial court reached this conclusion because Mrs. White did not present any evidence that the properties appreciated in value during the marriage, nor any evidence that they were mortgaged at the commencement of the marriage, and that such mortgages were paid off.
Mrs. White attempted to establish at trial that all the properties were, to some extent, marital property, by testifying to the labor and improvements done on the properties during the marriage. However, the only properties Mrs. White specifically identified as having work done on were properties which the court determined to be, in part, marital property. While she alleged she did work on most of the properties, this testimony was non- specific, and most of the work was of a general maintenance variety. Mrs. White submitted a trial brief to the court which alleged that various substantial improvements were made to the properties. Again, the allegations were non-specific and did not attribute specific improvements to any specific properties. Thus, on an evidentiary level, the court was not provided with evidence attributing labor to any specific property.
Final judgment in this matter was entered on February 28, 2000. Appellant timely filed her notice of appeal, assigning the following errors:
 "(1). The trial court erred to the prejudice of plaintiff-appellant and abused its discretion in decreeing that the business known as White's Farm Supply is the separate property of the defendant-appellee.
 "(2). The trial court erred as a matter of law in failing to comply with the Ohio Revised Code Section 3105.171 and relevant case law when presented with evidence of joint ownership of marital real property. The decision was against the manifest weight of the evidence and constitute (sic.) an abuse of discretion.
 "(3). The trial court erred and abused its discretion in computing defendant's income for child and spousal support calculations.
 "(4). The trial court erred and abused its discretion in failing to enforce the prior temporary orders of the court for family support."
 In Mrs. White's first assignment of error, she states that an increase in the value of Mr. White's business that occurred during the course of the marriage is marital property subject to division upon divorce. She argues that the trial court erred in determining that White's Farm Equipment and Supply remain an asset of Mr. White not subject to distribution. Mrs. White's statement of the law is correct. R.C. 3105.171(A)(3)(a)(iii) states that "*** all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage" is marital property subject to division. Mrs. White asserts it was error for the court not to find Mr. White's business had increased in value, and argues the decision should be reversed and a different formula employed to calculate its value.
The business met the definition of separate property as set forth in R.C. 3105.171(A)(6)(a)(ii). Thus, applying R.C. 3105.171(A)(3)(a)(iii), only income and appreciation in value of the business during the course of the marriage would be considered marital property. The business was evaluated for purposes of these proceedings. The parties stipulated to this evaluation. It was found that there was no appreciation in value over the prior ten years, a period that exceeded the length of the marriage. Overlooking the fact Mrs. White stipulated to the evaluation, she offered no evidence establishing a different value, rather, she simply asserts it is worth more and now requests the court employ a different method of valuation that hopefully would lead to a favorable result. The trial court did not err in adopting a valuation the parties stipulated to, nor in arriving at the legal conclusion it presented. There was no appreciation of value and, therefore, no marital property subject to distribution. Mrs. White's first assignment of error is without merit.
We will address the second assignment of error last. In Mrs. White's third assignment of error, she argues the trial court abused its discretion in computing Mr. White's income for purposes of determining his support obligations. Specifically, she claims the trial court omitted the income that Mr. White received in the form of rent from his rental properties. This is incorrect. Secondly, in her reply brief, Mrs. White contends the trial court failed to include "business depreciation" in its calculation of Mr. White's income. First, we will review the law with respect to deducting depreciation from gross income for purposes of determining support obligations. R.C. 3113.215 was the applicable code section at the time the trial court rendered judgment. It has subsequently been repealed.
R.C. 3113.215(A)(4) delineated the types of expenses which could be deducted from gross income by a self- employed parent for purposes of calculating the parent's child support obligation. This sub-division of the statute stated:
 "(4)(a) `Ordinary and necessary expenses incurred in generating gross receipts' means actual cash items expended by the parent or his business and includes depreciation expenses of replacement business equipment as shown on the books of a business entity.
 "(b) Except as specifically included in `ordinary and necessary expenses incurred in generating gross receipts' by division (A)(4)(a) of this section, `ordinary and necessary expenses incurred in generating gross receipts' does not include depreciation expenses and other noncash items that are allowed as deductions on any federal tax return of the parent or his business." (Emphasis added.)
In applying this subdivision, this court has stated:
 "As part of the calculations in a child support worksheet, a trial court must subtract the ordinary and necessary business expenses of a self- employed parent from that parent's annual gross income. Phillips v. Phillips (1996), 113 Ohio App.3d 868, 871, ***. Included in these ordinary and necessary expenses, pursuant to R.C. 3113.215(A)(4)(a), are `depreciation expenses of replacement business equipment as shown on the books of a business entity.' Id.
 "*** Nothing in R.C. 3113.215 or any of the case law dealing with depreciation expenses would indicate that the trial court was to ignore depreciation expenses to replace business equipment ***." Rodgers v. Rohrman
(July 14, 2000), Trumbull App. No. 99-T-0110, unreported, 2000 Ohio App. LEXIS 3199, *4.
 Because Mr. White was self-employed, and his income varied, the trial court used the adjusted gross income reported on Mr. White's federal tax returns from 1995, 1996, and 1997, to establish an average income for purposes of his support obligations. Each of these returns reported Mr. White's income from rental properties on line seventeen of the form. Thus, the trial court did include the income from these properties in its calculations for child and spousal support. However, the figures reported on line seventeen were calculated by completing Federal Schedule E statements. Within each of these statements, in calculating his income from the properties, Mr. White reduced the income by claiming substantial depreciation. This claimed depreciation was of the type described in R.C. 3113.215(A)(4)(b). Consequently, the court did not allow this adjustment to his income for purposes of the support calculation, properly averaged the amount of the claimed depreciation, and added this amount to Mr. White's income, increasing it $12,486 per year. Thus, Mr. White's rental income was fully included in the support calculation.
On the other hand, with respect to Mr. White's adjustments to income on the basis of depreciation expenses associated with his business, White's Farm Equipment and Supply, this was depreciation of the type described in R.C. 3113.215(A)(4)(a), as addressed by this court in Rodgers. The trial court properly did not add these depreciation expenses back into his gross income for purposes of calculating the support obligation. Thus, the trial court did not commit error. Mrs. White's third assignment of error is without merit.
In Mrs. White's fourth assignment of error, she argues the trial court abused its discretion by failing to enforce its prior temporary support order. "Abuse of discretion" is more than an error of law or judgment; it implies that the court acted in an unreasonable, arbitrary, or unconscionable fashion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. On July 29, 1996, the court entered a temporary support order wherein Mr. White was ordered to provide Mrs. White with sufficient funds to pay for the expenses of the marital household. No dollar figure was specified. For the first nine months after the order was issued, Mr. White remained in the marital residence with Mrs. White. Mr. White moved out on May 8, 1997. Mrs. White filed a motion on July 28, 1997, claiming Mr. White was in contempt for failing to pay for the expenses of the marital residence.
On September 5, 1997, the trial court, by agreement of the parties, established a child support order obligating Mr. White to pay $188 per week. The order did not expressly mention or address the prior order of support. Nor did it make reference to the motion for contempt. However, it is clear from the record that the court addressed the motion at that time by issuing a new child support order intended to supplant the prior order to pay household expenses.
Mrs. White asserts that she was entitled to payment of $2,300 per month from July 29, 1996, until September 5, 1997, on the basis of the first order to pay household expenses. The figure of $2,300 is derived from Mrs. White's calculation of her monthly household expenses. She filed an affidavit to that effect.
Mr. White, who lived in the household the first nine months the order was in effect, claimed that while he was living in the household all the necessary expenses were being met. The trial court, in an entry filed on March 5, 1999, concluded that Mrs. White failed to show any evidence of what household expenses Mr. White failed to pay in the relevant period. It also concluded that the claimed debt of $2,300 per month was contrary to the order and inconsistent with the evidence. The trial court concluded Mr. White was not in contempt of the order.
In her argument on appeal, Mrs. White cites to three portions of the trial transcript wherein relevant testimony was taken. A review of these portions of the record reveals that there is insufficient evidence therein to conclude Mr. White violated the trial court's order, which itself was vague. It appears that Mrs. White did not provide any actual bills of items that went unpaid, or any evidence that she paid bills she should not have, other than general testimony to that effect. Examples of the evidentiary failure were her testimony regarding the sump pump and Mr. White's testimony regarding utility bills. With respect to a sump pump that needed repair, Mrs. White provided no date indicating when this repair became necessary. Mr. White testified that several utility bills were unpaid but, again, it was not clear in what period that occurred. This is relevant because the testimony was given over ten months after the order was no longer effective. Even if these incidents occurred, andassuming they would constitute contempt of the order, we cannot assume that they occurred in the relevant time frame. Based on the portions of the record Mrs. White directs our attention to, we cannot conclude the trial court abused its discretion in concluding Mr. White was not in contempt of its order. Mrs. White's fourth assignment of error is without merit.
In Mrs. White's second assignment of error, she argues that the trial court erred in its division of property with respect to the sixteen parcels of land Mr. White owned prior to the marriage. Mrs. White relies on R.C. 3105.171(A)(3)(a)(iii). She asserts that the value of all of these properties appreciated during the course of the marriage due to labor and improvements, and therefore all of the property was subject to division. The Supreme Court of Ohio has held that the plain language of R.C. 3105.171(A)(3)(a)(iii) unambiguously indicates that when either spouse makes a labor, money, or in-kind contribution that results in an increase in the value of separate property, that increase is deemed to be marital property. Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, paragraph one of the syllabus. Only the appreciation in value, not the value of the property prior to the marriage, is considered marital property. See Middendorf at 399.
In her second issue presented for review within this assignment of error, Mrs. White argues that a party seeking to have an asset classified as separate property has the burden of tracing that asset to separate property. This is a correct statement of the law. A party seeking to establish an asset or portion thereof as his or her own separate property has the burden of proof by preponderance of the evidence. Peck v. Peck
(1994), 96 Ohio App.3d 731, 734; see, also Matic v. Matic (July 27, 2001), Geauga App. No. 2000-G-2266, unreported, 2001 Ohio App. LEXIS 3360. However, the fact that formerly separate property increased in value during the course of a marriage does not automatically convert the appreciation of the value of the property to marital property. Passive income and appreciation acquired from separate property by one spouse during the marriage remains separate property. R.C.3105.171(A)(6)(a)(iii). An increase in the value of a property that is the result of inflation or of the location of the real estate is considered passive income. Polakoff v. Polakoff (Aug. 4, 2000), Trumbull App. No. 98-T-0163, unreported, 2000 Ohio App. LEXIS 3542, *12. The party seeking to have the appreciation of value classified as separate property bears the burden of proving that the increased value is passive by a preponderance of the evidence. Id. at *16.
Of the sixteen properties Mr. White owned prior to the marriage, the trial court determined that eight of the properties were subject, in part, to division as marital property. We will not disturb that judgment. However, the trial court improperly reversed the burden with respect to the other eight properties, holding that "[Mrs. White] presented no evidence that these properties increased in value during the marriage or that they were mortgages at the time of the marriage and that such mortgages were paid during the marriage." These are the properties listed in the September 8, 1999 decree of divorce at page six, paragraph 5, subsections (a) and (b). The trial court determined these were the separate property of Mr. White and awarded them to him in accordance with R.C. 3105.171(D).
It is clear these were Mr. White's separate property at the beginning of the marriage. However, there is a question as to whether or not the properties appreciated in value during the seven years of the marriage. While Mr. White submitted evidence establishing the values of these properties at the time of the divorce, no evidence was submitted establishing their value at the inception of the marriage. In order for the trial court to make its determination whether the property was separate or marital under R.C. 3105.171(B), it was essential the court have evidence indicating the value of these properties at the inception of the marriage. In order for Mr. White to meet his burden of demonstrating the properties were separate, he must demonstrate by a preponderance of the evidence that either the properties did not increase in value during the marriage, or that any such increase was passive in nature.
Because the information the court was provided only established the value of these properties at the time of the divorce, the court had no basis upon which to make a comparison. Therefore, appellee did not meet his burden of establishing the properties were entirely separate property, and the trial court erred in declaring them as such. Mrs. White's second assignment of error has merit.
The judgment of the trial court is reversed on the second assignment of error only, and the matter is remanded for proceedings consistent with this opinion.
PRESIDING JUDGE, WILLIAM M. O'NEILL, NADER, J., CACIOPPO, J., Ret., Ninth Appellate District, sitting by assignment, concur.