OPINION
{¶ 1} Plaintiff-appellant Debra H. Thompson appeals from the July 29, 2002 order of the Trumbull County Court of Common Pleas, Domestic Relations Division, overruling her objections to a magistrate's decision modifying the amount of child support owed by defendant-appellee, Robert E. Thompson.
 {¶ 2} Appellant and appellee were married on March 1, 1986, in Warren, Ohio. Two children were born to the couple during the course of their marriage. On May 6, 1997, appellant filed for divorce in the Domestic Relations Division of the Court of Common Pleas of Trumbull County.
 {¶ 3} On December 12, 1997, a divorce was granted. As part of the divorce decree, appellant was designated the residential parent and legal custodian of the two children, subject to appellee's companionship and visitation rights as the non-residential parent. Appellee was ordered to pay child support in the amount of $1,160 per month.
 {¶ 4} Subsequently, appellant moved for an Administrative Modification of the child support order through the Trumbull County Child Support Enforcement Agency ("CSEA"). CSEA recommended that appellee's monthly child support obligation be increased from $1,160 to $2,244, based on an annual income for appellee of $188,155 as a stock broker for Merrill Lynch and on an annual income for appellant of $52,756 as a technician for Packard Electric. CSEA's recommendation was approved by decision of the magistrate on July 17, 2001.
 {¶ 5} Appellee filed objections to the magistrate's decision, inter alia, on the grounds that CSEA had failed to deduct certain business related expenses from his gross income when modifying the support order. These deductions were itemized on Form 2106-EZ, Unreimbursed Employee Business Expenses, of appellee's federal income tax returns. Although the deductions were not applied in determining appellee's adjusted gross income, they were applied to determine his taxable income as reported on Form 1040. Specifically, appellee claimed that he was entitled to deductions of $14,791 for business expenses and $4,656 for meal and entertainment expenses.
 {¶ 6} A hearing was held on September 7, 2001. The magistrate found that appellee was entitled to the deductions as claimed. Accordingly, appellee's monthly support obligation was decreased to $2,048, reflecting a revised calculation of appellee's annual gross income of $168,706.[1] The magistrate's decision was journalized on March 11, 2002.
 {¶ 7} Thereafter, further objections to the magistrate's decision were filed by both parties and a second hearing was held on May 6, 2002. On July 29, 2002, the trial court overruled all outstanding objections and reconfirmed the magistrate's prior decision of September 7, 2001, ordering appellee to pay child support in the amount of $2,048, plus poundage per month. It is from this decision that appellant appeals.
 {¶ 8} Appellant raises a single assignment of error:
 {¶ 9} "The trial court abused its discretion to the prejudice of Appellant by allowing Appellee to claim various business related deductions from his gross income and using such underreported income to determine Appellee's child support obligation."
 {¶ 10} Under this assignment of error, appellant asserts several arguments. The first is that deductions for business expenses may only be made when the parent's income is self-generated. Appellant argues that appellee is not self-employed and that, therefore, he is not entitled to deduct his business expenses from income that is not self-generated.
 {¶ 11} As an initial matter, we note that effective March 21, 2001, Chapter 3113 of the Revised Code was repealed and recodified as Chapter 3119. No material changes were made to the statute that would affect the disposition of the issues presently before this court. Because both parties cite to the provisions of Chapter 3113 and because the case law relied upon cites to these provisions, we also will cite to the provisions of Chapter 3113 as well as corresponding provisions of Chapter 3119.
 {¶ 12} The underlying spirit and policy behind Ohio's statutory scheme for determining and enforcing child support obligations are concerns for the "best interest of the child." Cuyahoga Cty. SupportEnforcement Agency v. Lozada (1995), 102 Ohio App.3d 442, 450. "To ensure the best interest of children, the General Assembly enacted comprehensive legislation outlining the specific procedures to be followed to meet this overriding interest of the law." Marker v. Grimm (1992), 65 Ohio St.3d 139,141-142.
 {¶ 13} Once a court determines the proper amount of child support due in accordance with the statutory worksheet and schedule, that determination is "rebuttably presumed" to be correct. R.C. 3113.215(B)(1) [R.C. 3119.03]. The trial court's determination regarding child support will not be disturbed on appeal absent an abuse of discretion. Booth v.Booth (1989), 44 Ohio St.3d 142, 144; In re Summers (June 2, 1995), 11th Dist. No. 93-G-1807, 1995 Ohio App. LEXIS 2298, at *6. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 14} In the present case, appellant challenges appellee's entitlement to deduct business expenses from his gross income for the purpose of calculating his child support obligation. By deducting these business expenses from appellee's income, the magistrate below determined appellee's "gross income" to be $168,706, as entered on the worksheet provided in division (E) of R.C. 3113.215 [R.C. 3119.022]. The term "gross income" is defined by statute to mean "the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes, but is not limited to, salaries, wages, overtime pay and bonuses to the extent described in division (B)(5)(d), commissions, . . . self-generated income; and potential cash flow from any source." R.C. 3113.215(A)(2) [R.C. 3119.01(C)(7)].
 {¶ 15} "Self-generated income," in turn, is defined as the "gross receipts received by a parent from self-employment, proprietorship of a business, joint ownership of a partnership or closely held corporation, and rents minus ordinary and necessary expenses incurred by the parent in generating gross receipts." R.C. 3113.215(A)(3) [R.C. 3110.01(C)(13)].
 {¶ 16} Finally, the statute defines "ordinary and necessary expenses incurred in generating gross receipts" as "actual cash items expended by the parent or the parent's business and includes depreciation expenses of replacement business equipment as shown on the books of a business entity." R.C. 3113.215(A)(4)(a) [R.C. 3119.01(C)(9)(a)].
 {¶ 17} Appellant contends that appellee's income is not "self-generated income" as defined by the statute and that, as he is not self-employed, the proprietor of a business, nor the joint owner of a partnership or closely held corporation, he is not entitled to deduct the "ordinary and necessary expenses" incurred in generating gross receipts. Appellee concedes that he is not self-employed, that he works as a stock broker on a strictly commission basis as an employee of Merrill Lynch, and that he receives a W-2 Form. Appellee nonetheless contends that the "economic reality" is that his claimed deductions are legitimate cash items expended by him to generate his commission-based income. Appellee argues that, as a practical matter, his income is self-generated just as much as if he were self-employed and that, therefore, he is entitled to claim the same deductions for "ordinary and necessary expenses."
 {¶ 18} Although appellee makes a compelling argument, we must reject it for the following reasons. The Ohio Supreme Court has held that the "terms of R.C. 3113.215 are mandatory in nature and must be followed literally and technically in all material respects." Marker, supra, paragraph two of the syllabus. "[T]he trial court's failure to comply with the literal requirements of the statute constitutes reversible error."Id. at 143 (emphasis sic); Ober v. Ausra (Dec. 23 1994), 11th Dist. No. 94-P-0037, 1994 Ohio App. LEXIS 5902; Brahier v. Brahier (Dec. 17, 1993), 11th Dist. No. 92-G-1705, 1993 Ohio App. LEXIS 6056.
 {¶ 19} Under the statutory scheme outlined above, "ordinary and necessary" business expenses may only be deducted from "self-generated income," as defined above. Since, as appellee has conceded, he is not self-employed, his commission-based income does not qualify as "self-generated income" as defined by the statute. Accordingly, appellee was not entitled to the deductions for his "ordinary and necessary" business expenses. See Pugsley v. Pugsley (Nov. 6, 1998), 3rd Dist. No. 15-98-12, 1998 Ohio App. LEXIS 5494, at *5-*6 ("[a] reading of R.C.3113.215(A)(3) in pari materia leads us to conclude that income cannot be self-generated unless the parent is self-employed or the owner of his or her own business"); State ex rel. Scioto Cty. Child Support EnforcementAgency v. Gardner (1996), 113 Ohio App.3d 46, 55 (holding deductions for business expenses improper unless the parent is "self-employed, the proprietor of a business, or a joint owner of a partnership or closely held corporation"); Lozada, supra, at 457-458 (holding that deductions for ordinary and necessary expenses were improper since the father/obligor was not self-employed). Cf. Kamm v. Kamm, 67 Ohio St.3d 174,1993-Ohio-60, paragraph one of the syllabus ("[a]cquisition of a capital asset by a self-employed, child-support obligor may be deductible against such obligor's gross receipts for the purpose of computing the obligor's child-support obligation") (emphasis added); Rodgers v. Rohrman (July 14, 2000), 11th Dist. No. 99-T-0110, 2000 Ohio App. LEXIS 3199, at *4 ("[a]s part of the calculations in a child support worksheet, a trial court must subtract the ordinary and necessary expenses of aself-employed parent from that parent's annual gross income") (emphasis added); State ex rel. Osborn v. Hill (Feb. 9, 1999), 6th Dist. No. 2759-M, 1999 Ohio App. LEXIS 383, at *4-*5 (R.C. 3113.215's distinction between self-employed persons and person who are not self-employed for the purpose of deducting ordinary and necessary business expenses doesnot unconstitutionally discriminate against persons who are not self-employed).
 {¶ 20} Appellee asks this court to carve out an exception for his particular situation. Under Marker, this court is not at liberty to do so. Moreover, our decision to strictly adhere to the statutory scheme established by the General Assembly is justified by the underlying purpose of child support — the best interest of the child. It matters not, therefore, that appellee was able to deduct his out-of-pocket business expenses on his federal tax return. The purposes of the federal tax code and the child support statute are not identical. See Helfrich v. Helfrich (Sept. 17, 1996), 10th Dist. No. 95APF-12-1599, 1996 Ohio App. LEXIS 4053, *8-*9 (noting that the federal tax code permits or denies deductions from gross income based on "myriad economic and social policy concerns which have no bearing on child support");Gardner, supra, at 55 ("appellant's assertion that his expenses may be excluded from his gross income on his tax return is irrelevant because R.C. 3113.215(A)(2) defines gross income as `the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable'").
 {¶ 21} Appellant makes two further arguments under her single assignment of error which will be treated together. Appellant argues that it was error for CSEA to determine appellee's annual gross income by averaging appellee's reported income on his Form 1040 tax return for the years 1998, 1999, and 2000 and that appellee's annual gross income should have been determined by averaging appellee's "gross income from all sources" as reported in Form 1116 attached to appellee's tax returns. We are unable to consider these arguments, however, given appellant's failure to provide a transcript of the proceedings below or copies of the tax returns at issue.
 {¶ 22} The Supreme Court of Ohio has held: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. . . . When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199; In re Summers, supra, at *9-*10.
 {¶ 23} Civil Rule 53(E)(3)(b) provides that "[a]ny objection to a finding of fact [by a magistrate] shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available."
 {¶ 24} App.R. 9(C) provides: "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval."
 {¶ 25} In the present case, the parties dispute whether appellee ever proffered evidence or testimony regarding his income at either of the hearings before the magistrate. Regardless of whether appellee failed to proffer evidence regarding his income as well as the amount of the deductions claimed,[2] it was appellant's duty to see that this fact was properly incorporated into the record, whether through Civ.R. 53(E) or App.R. 9(C). We cannot consider the unsupported assertions in appellant's brief that no such evidence was ever proffered by appellee. Appellant argues that ordering video tapes constitutes compliance with App.R. 9. In the present case such tapes do not exist and, thus, we are left without a record with which to evaluate appellant's arguments. In the absence of a record, we must presume regularity. Knapp, supra, at 197; In re Summers , supra, at *9-*10.
 {¶ 26} As to appellant's argument that it was error to average appellee's income for the years 1998, 1999, and 2000, we note that neither parties' tax returns for any given year are contained in the record. CSEA's administrative recommendation upon appellant's motion to modify the support order states that appellant's annual income is $52,756 and that appellee's annual income is $188,155. No tax returns are attached to this recommendation and there is no explanation as to how these figures were determined. There is no indication by the magistrate that appellee's income was averaged over a three-year period.
 {¶ 27} As to appellant's argument that appellee's annual gross income should have been determined by averaging appellee's "gross income from all sources" as reported in Form 1116 attached to appellee's tax returns, we still lack the relevant copies of these returns or transcripts of the hearings that would explain how appellee's annual income was actually calculated.
 {¶ 28} Although we find this state of the record peculiar in light of the mandatory injunction of R.C. 3113.215(B)(5)(a) [R.C. 3119.05(A)] that "parents shall verify current and past income and personal earnings with suitable documents" including tax returns and "all supporting documentation and schedules for the tax returns," that issue is not before us. We note that the decision to average a parent's income over a period of years is within the sound discretion of the court. R.C.3113.215(B)(5)(h) [R.C. 3119.05(H)]; Luke v. Luke (Feb. 20, 1998), 11th Dist. No. 97-L-044, 1998 Ohio App. LEXIS 647, at *9. We presume the validity of the trial court's proceedings as to these matters.
 {¶ 29} Based on the above, we hold that appellant's sole assignment of error has merit. We cannot consider appellant's other arguments given the inadequacy of the record put before this Court. Therefore, we reverse the lower court's adoption of the magistrate's decision on the grounds that it abused its discretion by allowing appellee to deduct business expenses that he was not entitled to deduct under the child support statute. This cause is hereby remanded for further proceedings consistent with this opinion.
JUDITH A. CHRISTLEY, J., concurs.
WILLIAM M. O'NEILL, J., dissents with dissenting opinion.
[1] The Court notes that there is a two dollar difference in appellee's annual gross income as determined by the magistrate and as urged by appellee in his Memorandum in Support of Objection filed September 14, 2001.
[2] "[T]his court has held that a parent must show the actual cost of an expense before it can be deducted as an ordinary and necessary business expense under R.C. 3113.215(A)(4)." Phillips v. Phillips
(1996), 113 Ohio App.3d 868, 873; In re Summers (June 2, 1995), 11th Dist. No. 93-G-1807, 1995 Ohio App. LEXIS 2298, at *7-*8.