OPINION
{¶ 1} Defendant-appellant Brian Leroy Bachelder appeals the November 19, 2004, Judgment Entry of the Morrow County Court of Common Pleas, Domestic Relations Division, modifying his child support obligation payable to plaintiff-appellee Patricia J. Bachelder Lyons.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were married in 1985. Three children were born as issue of the marriage.
 {¶ 3} On May 15, 1996, the parties were divorced by an Agreed Journal Entry/Decree of Divorce. The Journal Entry incorporated a Separation Agreement. In the Separation Agreement, the parties agreed to a Shared Parenting Plan. Pursuant to the Decree of Divorce and Separation Agreement, appellee was ordered to pay $616.72 per month, per child for total child support of $1,850.16 per month for the three minor children.
 {¶ 4} This appeal originates from a motion to modify appellant's child support obligation filed by appellee on January 22, 2004. Previously, on October 3, 2000, the Morrow County Child Support Enforcement Agency had conducted a review of appellant's child support obligation and recommended an adjustment to $442.83 per month, per child. Appellee objected. On July 27, 2001, appellant filed a motion in the trial court requesting any overage he paid in spousal support, be applied to his child support obligation. A hearing on the motion was held before a Magistrate on February 14, 2004. At the hearing, the parties filed joint exhibits pertaining to appellant's earned income from 1998-2003 and a profit sharing statement showing appellant's pension contribution from the corporation. Appellant is a medical doctor and the sole stockholder in his own practice, Brian Bachelder, M.D., Inc.
 {¶ 5} On June 29, 2004, the magistrate filed a Magistrate's Decision. Both parties filed objections to the Magistrate's Decision. By Judgment Entry filed November 19, 2004, appellant's and appellee's objections were sustained in part and overruled in part. In so doing, the trial court modified the Magistrate's Decision. As relevant to this appeal, the trial court ordered:
 {¶ 6} "The Defendant shall pay child support in the amount of $668.90 per child per month for a total of $2,046.83 per month commencing on October 3, 2000 to December 31, 2000.
 {¶ 7} "From January 1, 2001 to December 31, 2001 said child support shall be $656.68 per child per month for a total of $2,009.44 per month. From January 1, 2002 to present said child support shall be $649.09 per child per month for a total of $1,986.23 per month.
 {¶ 8} "The Defendant shall pay an additional $300.00 per month plus processing fee towards any arrearage created by this Decision.
 {¶ 9} "3. Based on the Court's prior order and the Defendant's payment history, the Defendant had an arrearage in his child support obligation in the amount of $1,048.73 and $123.16 in processing fees as of December 31, 2003. The Morrow County Child Support Enforcement Agency shall use these figures prior to calculating any arrearage based on the Court's order as modified herein."
 {¶ 10} It is from the November 19, 2004, Judgment Entry appellant appeals, raising the following assignments of error:
 {¶ 11} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN CALCULATING DEFENDANT-APPELLANT, BRIAN BACHELDER'S CHILD SUPPORT.
 {¶ 12} "II. THE MAGISTRATE'S DELAY OF TWENTY EIGHT (28) MONTHS IN FILING A DECISION CAUSED PREJUDICE TO THE DEFENDANT-APPELLANT.
 {¶ 13} The trial court included the following in the calculation of appellant's 2000 annual income: $11,881.00 in building income; $6,257.00 in non-allowable depreciation; $19,460.00 representing one-half of the pension contribution. The trial court allowed appellant to claim $8,300.00 in salary paid to his current wife as a business expense.
 {¶ 14} The trial court included the following in the calculation of appellant's 2001 income: $11,881.11 in building income; $28,465.00 in non-allowable depreciation; and $19,460.00 representing one-half of the pension contribution. Again, the trial court included appellant's current wife's salary of $8,300.00 as a business expense.
 {¶ 15} The trial court included the following in calculating appellant's 2002: $11,881.00 in building income; $25,265.00 in non-allowable depreciation; and $19,460.00 representing one-half of the pension contribution. The trial court further continued to allow appellant to claim $8,300.00 in business expenses paid to his current wife.
 I {¶ 16} In his first assignment of error, appellant asserts the trial court committed prejudicial error in calculating his child support obligation. Appellant asserts the trial court erred in calculating his income for the years 2000-2002, thereby causing prejudice in the calculation of his child support obligation.
 {¶ 17} We review child support matters under the abuse of discretion standard. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard of review, we must not substitute our judgment for that of the trial court. In re Jane Doe I (1991),57 Ohio St.3d 135, 138. We will not reverse a judgment as being against the manifest weight of the evidence if there is some competent, credible evidence going to all the essential elements of the case. C.E. MorrisCo. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. Furthermore, we must presume the findings of the trial court are correct because the trial judge is best able to observe the witnesses and use those observations in weighing the credibility of the testimony. SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 81.
 {¶ 18} Specifically, appellant maintains the trial court erred in including one-half of his 2000 pension contribution as $19,869.00 in calculating his income. Appellant cites Joint Exhibit 8 attached to his merit brief arguing, in 2000, he received a company contribution toward his pension in the amount of $19,869.00, and contributions were made to eight other company employees for a total contribution to all nine employees in the amount of $38,920.00. Appellant concludes the proper calculation of one-half of his 2000 pension contribution totals $9,934.00.
 {¶ 19} This Court has conducted an independent review of the record and exhibits. As mentioned above, appellant cites Joint Exhibit 8, which he attaches to his merit brief. However, upon review, Joint Exhibit 8 as contained in the record differs from the exhibit appellant attaches. Rather, Joint Exhibit 8 as included in the exhibit record is the Morrow County Child Support Enforcement Agency's Administrative Adjustment Review Findings and Recommendations, not the Year 2000 Statement of Participant's Accounts for Brian L. Bachelder M.D., Inc. Profit Sharing Plan as represented by appellant. Also, the trial court affirmed on the record at the February 14, 2002 hearing:
 {¶ 20} "THE COURT: Now, you want to go into what you object — I can't talk.
 {¶ 21} "MR. ELKIN: Stipulations.
 {¶ 22} "THE COURT: Stipulations, exhibits, that's the word.
* * *
 {¶ 23} "THE COURT: And we got up to 8.
 {¶ 24} "MR. WICK: And 8 is the CSEA findings." Tr. at 44-45.[1]
 {¶ 25} Further, appellant does not cite, nor do we find upon independent review, references in the transcript demonstrating the pension statement was introduced, argued before or considered by the trial court. Accordingly, appellant's arguments with regard to the pension contribution are not supported by competent, credible evidence, and we presume the trial court properly considered the evidence in determining the same.
 {¶ 26} Appellant further contends the trial court's finding his 2001 income to be $237,848.00 was not supported by any credible evidence. In calculating appellant's 2001 income, the trial court included the entire income from the building in determining appellant's child support obligation. Appellant maintains the evidence demonstrates he and his current wife purchased the building in which he practices medicine and he then deeded his share of the real estate to his wife.
 {¶ 27} In the proceedings before the magistrate, appellant testified:
 {¶ 28} "Q. Now, under the tax return, the corporate tax return, the company pays rent of $24,000 a year. Who is that rent paid to?
 {¶ 29} "A. Debra Bachelder.
 {¶ 30} "Q. That would be your current wife?
 {¶ 31} "A. That's correct.
 {¶ 32} "Q. Okay. And I think Mr. Elkin and I have stipulated that the office building that your practice is run out of is owned by your wife?
 {¶ 33} "A. That's correct.
 {¶ 34} "Q. And that it was initially purchased by the two of you and then deeded over to her?
 {¶ 35} "A. That's correct." Tr. at 73-74.
 {¶ 36} The magistrate's June 29, 2004 decision states:
 {¶ 37} "According to the corporate tax return the corporation had net income of $21.00. Included in that calculation was depreciation in the amount of $25,465.00. For the purpose of calculating gross income, ordinary and necessary expenses does not include depreciation expenses and other non-cash items that are allowable as deductions on any federal tax return of the parent or the parent's business. The Defendant's practice leases space in a building owned by the Defendant's current wife. Both of their names are listed on Schedule E. The Defendant testified that they purchased the building and it was placed in his current wife's name. According to Schedule E, they received rent of $24,000.00 and had allowable expenses (not including depreciation) of $12,119.00. Therefore the net income form (sic) the building was $11,881.00 and one half of that shall be assigned to the Defendant as income. The Defendant also showed interest income of $152.00. See Joint Exhibit #3."
 {¶ 38} The trial court's November 19, 2004 Judgment Entry finds:
 {¶ 39} "The Court finds that the entire income from the building should be included in Defendant's income for child support purposes. There was no evidence that this was nothing but a tax consideration to put the wife as owner of the building when it was originally purchased jointly."
 {¶ 40} Upon review, we do not find the trial court abused its discretion in including the building income in the calculation of appellant's annual income. Equity does not preclude the trial court from looking behind title to the building when determining the practical effect of the business rental income in calculating appellant's income.
 {¶ 41} Appellant also argues the trial court failed to deduct the business miles expense for two motor vehicles from the year 2000 income calculation. He cites Joint Exhibit 3 asserting the expense for his business related mileage was $4,635.00.
 {¶ 42} The trial court's November 19, 2004 Judgment Entry notes:
 {¶ 43} "The Court has reviewed the memorandums filed by both parties, transcript and exhibits and makes the following findings of fact and conclusions of law."
 {¶ 44} Initially, we presume the trial court's conclusion the business miles should not be deducted from the year 2000 income calculation is based upon competent and credible evidence, and the trial court did not abuse its discretion.
 {¶ 45} The Magistrate's Decision finds, according to appellant's corporate tax return, the corporation included depreciation in the amount of Twenty Five Thousand Four Hundred Sixty Five Dollars ($25,465.00). The depreciation for Brian L. Bachelder, Inc. as stated in Form 4562 included a Section 179 expense deduction of Nineteen Thousand Two Hundred Eight Dollars ($19,208.00) which was the cost to purchase electronic medical records which is noted on the tax return as "Office Equipment." Further expenses in the amount of $4,635.00 were declared on Form 4562 for the use of motor vehicles driven for business related miles.
 {¶ 46} Appellant states in his July 9, 2004 Objections to the Magistrate's Decision:
 {¶ 47} "The purchase of the electronic medical records for Nineteen Thousand Two Hundred Eight Dollars ($19,208.00) was an actual case item expended by the Defendant's business in 2000. Further, the use of the motor vehicles which were driven Nine Thousand Three Hundred Ninety One (9,391) miles also constitutes cash items expended by the Defendant. See Phillips vs Phillips, 113 Ohio App. 3d 868, 872 (1996) (attached as Exhibit "B"). Therefore, Twenty Three Thousand Eight Hundred Forty Three Dollars ($23,843.00) of the Twenty Five Thousand Four Hundred Sixty Five Dollars ($25,465.00) listed on line 21 were ordinary and necessary expenses for 2000.
 {¶ 48} At the hearing before the magistrate, appellant testified:
 {¶ 49} "A. Yes, my W-2 also reflects the fact that the corporation pays my healthcare and that's included into my W-2 by the accountant. The other thing that is included is the portion of the car that is owned by the corporation. The amount of personal use then is factored into my W-2.
 {¶ 50} "Q. Okay. So your automobile is also owned by the corporation?
 {¶ 51} "A. That's correct.
 {¶ 52} "Q. Now, I think on a prior return it showed two automobiles, as taking depreciation on two different automobiles. Are there more than one automobiles owned by the corporation?
 {¶ 53} "A. The corporation owns two.
 {¶ 54} "Q. And you drive one?
 {¶ 55} "A. I drive the one.
 {¶ 56} "Q. And who operates the other one?
 {¶ 57} "A. Deborah.
 {¶ 58} "Q. That would be your wife?
 {¶ 59} "A. Yes."
 {¶ 60} * * *
 {¶ 61} "Q. Okay. I also noticed that you also receive compensation for other services. Is it a position that you hold, it looks like from your tax return that you are paid mileage and that you basically are just compensated for your mileage and nothing else. Do you know what I'm talking about or have I totally confused you?
 {¶ 62} "A. You haven't confused me because I don't know enough information to be confused.
 {¶ 63} "Q. Okay. Let me see if I can find it here. You list as state professional organizational officer you list gross receipts of $1,558?
 {¶ 64} "A. That's correct.
 {¶ 65} "Q. And what is the nature of that?
 {¶ 66} "A. I'm as of this year president-elect of the Ohio Academy of Family Physicians. It is a statewide organization of family practitioners who number about 4,000 physicians. In that capacity as an officer I receive reimbursement for different meetings I will attend. So I will go to a meeting, such as Kansas City, representing Ohio. Pay that out of the corporate finances and that money then is returned back into the corporation.
 {¶ 67} "Q. So you receive no other compensation over and above your travel expenses?
 {¶ 68} "A. No.
 {¶ 69} "Q. Okay.
 {¶ 70} "A. Purely reimbursement for costs incurred." Tr. at 78, 82-83.
 {¶ 71} Based upon the above, we do not find the trial court abused its discretion in not deducting the business miles expense from the year 2000 income calculations, and appellant has not offered evidence to the contrary.
 {¶ 72} Appellant maintains the trial court's findings $28,465.00 should be added to his 2001 income and $25,465.00 should be added to his 2002 income as non-allowable depreciation are not supported by the evidence.
 {¶ 73} Appellant does not support his argument with specific evidence or citations to the record. The arguments are similar in nature to those appellant made with respect to the calculation of his 2000 income. Therefore, upon review, the trial court had competent credible evidence upon which to base its conclusion, and we do not find the trial court abused its discretion in calculating appellant's income.
 II {¶ 74} In his second assignment of error, appellant maintains the Magistrate's delay of twenty-eight months in filing a decision in this matter caused him prejudice.
 {¶ 75} The parties presented evidence on the issue of child support before the Magistrate on February 14, 2002. The Magistrate did not render a decision on the issue until June 29, 2004. On June 14, 2002, appellant moved the trial court to allow him to present evidence demonstrating a substantial reduction in his 2002 income.
 {¶ 76} While we find the lapse of time unreasonable, we decline to find the same prejudicial.
 {¶ 77} Appellant's second assignment of error is overruled.
 {¶ 78} The judgment of the Morrow County Court of Common Pleas, Domestic Relations Division, is affirmed.
Hoffman, P.J. and Wise, J. concur.
Edwards, J. concurs separately.
[1] We note Joint Exhibit 7 included in the record is a Statement of Participant's Account in the corporate profit sharing plan for the year ending December 31, 1999. Therefore, the exhibit does not evidence appellant's contribution in the year 2000, nor does appellant argue the same.